IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRY HENDERSON, # 43158-037          *
                                      *
Petitioner,                           *
                                      *
v.                                    *     Civil No. WDQ-13-1733
                                      *
UNITED STATES,                        *
                                      *
Respondent.                           *
                                     ***

MEMORANDUM

Pending is Barry Henderson's *pro se* "Independent Action" for "relief from Judgment" under Federal Rule of Civil Procedure 60(b)(6), 28 U.S.C. § 2241, and the All Writs Act.[1] ECF No. 1. Henderson will be granted leave to proceed *in forma pauperis* for purposes of preliminary review, as he has not submitted the filing fee. For the following reasons, the Court will dismiss this case without prejudice for lack of jurisdiction. Henderson's request for appointment of counsel, *id.* at 6-7, will be denied as moot.

I.  Background

On February 14, 2008, Henderson pled guilty to possession with intent to distribute cocaine, waived his right to appeal a sentence within the guideline range from an adjusted offense level of 31, criminal history category VI (188-235 months), and acknowledged that he is a career offender. *See United States v. Henderson*, Criminal No. WDQ-07-0497. On May 2, 2008, Henderson was sentenced to 188 months imprisonment. *Id.*, ECF Nos. 16, 17. No timely appeal was filed.

On April 27, 2009, Henderson filed a Motion to Vacate, claiming that counsel provided ineffective assistance by ignoring Henderson's requests to note an appeal and failing to object to

---

[1] 28 U.S.C. § 1651.

his designation as a career offender. No. WDQ-07-0497, ECF No. 26. After an evidentiary hearing on November 20, 2009, this Court found Henderson's claims without merit. The Motion to Vacate was denied on February 18, 2010. *Id.*, ECF Nos. 36, 37. The U.S. Court of Appeals for the Fourth Circuit denied Henderson's *pro se* request for a Certificate of Appealability and dismissed his appeal of the decision denying the Motion to Vacate. *Id.*, ECF Nos. 47, 50.[2]

In this "Independent Action," Henderson challenges the Court's decision denying his Motion to Vacate. Henderson again claims his plea counsel was ineffective and he was improperly deemed a career offender. ECF No. 1. In sum, he is seeking to reiterate the claims he presented in his long closed § 2255 Motion, albeit under a different name.

II. Analysis

A. Rule 60(b)(6)

Under Rule 60(b)(6), the Court may relieve a party from a final judgment, order, or proceeding for "any . . . reason that justifies relief." A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is in fact a second or successive petition for writ of habeas corpus. *See Gonzales v. Crosby*, 545 U.S. 524, 531-33 (2005). Whereas a motion directly attacking the prisoner's conviction or sentence will "usually amount to a successive application," a motion seeking a remedy for "some defect in the collateral review process" will generally be deemed a proper motion to reconsider. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Because Henderson's Petition attacks the validity of his underlying conviction and sentence, it is not properly considered under Rule 60(b). *Id.*

---

[2] While his appeal from the Court's denial of the motion was pending, Henderson filed a second Motion to Vacate, which the Court dismissed as successive. No. WDQ-07-0497, ECF Nos. 43-45.

2

Even if this pleading were construed under Rule 60(b), Henderson would not be entitled to relief. A motion under Rule 60(b)(6) may not be granted absent "extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363. 370 (4th Cir. 2004) (internal quotation marks omitted). The Petition does not present any facts suggesting exceptional circumstances.

B. 28 U.S.C. § 2241

1. Jurisdiction

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Generally, a Petitioner's custodian is the proper respondent in a § 2241 petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge" (emphasis in original)). To issue the writ, a court must have jurisdiction over the custodian, and jurisdiction exists only where the petitioner is confined. *See id.* at 442–43. Henderson is currently housed at the Federal Correctional Institution in Fort Dix, New Jersey; his custodian is the warden of that facility. Accordingly, this Court does not have jurisdiction in this matter.

2. Execution of Sentence

Even if this Court had jurisdiction, Henderson's challenge to his underlying conviction and sentence are not properly brought under § 2241. A § 2241 petition attacks the manner in which a sentence is executed, *see* § 2241(a); a federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is generally required to file a Motion to Vacate pursuant to 28 U.S.C. § 2255(a). *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The "savings clause" in § 2255 provides an exception to this general rule. Thereunder, a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate

3

or ineffective to test the legality of his detention," § 2255(e); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194 n.5; *see also In re Jones*, 226 F.3d at 333. The "savings clause" does not apply here, and Henderson may not bring his claims under § 2241.

To attack his conviction, Henderson must first obtain pre-filing authorization from the U.S. Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. He may not circumvent the procedural requirements for second or successive § 2255 motions, set forth at 28 U.S.C. § 2244, by captioning a collateral attack on his judgment of conviction as a § 2241 proceeding. *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998); *Winestock*, 340 F.3d at 203.

C. The All Writs Act, 28 U.S.C. § 1651

The All Writs Act provides that, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). For the following reasons, Henderson fails to establish any basis for relief under the common law writs.

1. Coram Nobis

Under the All Writs Act, federal courts may issue Writs of Coram Nobis in criminal cases. *Bereano v. United States*, 706 F.3d 568, 575–76 (4th Cir. 2013). A petitioner seeking coram nobis relief must show 1) a more usual remedy is not available, 2) there is a valid reason why he did not earlier attack the conviction, 3) the consequences are sufficiently adverse to satisfy Article III's case or controversy requirement, and (4) "the error is of the most

fundamental character." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (internal quotation marks omitted). Further, coram nobis relief is limited to petitioners who are no longer in custody pursuant to their convictions. *See Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013). Henderson does not satisfy the requirements for coram nobis relief because he is custody on the conviction he is challenging and can obtain habeas corpus relief under § 2255.

2. Audita Querela

As discussed above, the All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Thus, the common law Writ of Audita Quera is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under . . . § 2255." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal quotation marks omitted)); *see also United States v. Valdez–Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 . . .").

Henderson's lack of success in obtaining collateral relief under § 2255 does not affect the Court's analysis. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); *see also Valdez–Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

3. Mandamus

With respect to a Writ of Mandamus, the federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a "'drastic'" remedy "reserved for 'extraordinary situations'" in which the petitioner "has 'no other adequate means to attain the relief he desires.'" *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999) (*quoting Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402–03 (1976)). To obtain mandamus relief, a petitioner must show: 1) a clear and indisputable right to the relief sought; 2) that respondent has a clear duty to do the specific act requested; 3) the act requested is an official act or duty; 4) there are no other adequate means to obtain the relief; and 5) the writ will effect right and justice. *See Rahman*, 198 F.3d at 511. Henderson provides no factual or legal basis to satisfy this standard.

D. Certificate of Appealablity

Insofar as a Certificate of Appealability may be required to appeal this decision, this Court finds the legal standard for issuance has not been met. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

III. CONCLUSION

Henderson provides no grounds to warrant relief or issue a Certificate of Appealability. This case will be denied and dismissed without prejudice for lack of jurisdiction by separate order.

7/29/13
Date

William D. Quarles, Jr.
United States District Judge